UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE )
OFFICER OF THE CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS )
4115 Chesapeake Street, N.W., )
Washington, D.C. 20016, )
)
   and )
)
BOARD OF TRUSTEES OF THE INTERNATIONAL )
UNION OF OPERATING ENGINEERS AND PIPE )
LINE EMPLOYERS HEALTH AND WELFARE )
FUND )
1125 Seventeenth Street, N.W. )
Washington, D.C. 20036, )
)
                   Plaintiffs, )
)
           v. )
)
BARCELONA EQUIPMENT, INC. )
12850 – 34th Street )
Clearwater, Florida 33762, )
)
      Serve: Registered Agent Robert P. Steiner )
           12850 – 34th Street )
           Clearwater, Florida 33762, )
)
                   Defendant. )

## COMPLAINT

**(TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE
BENEFIT FUNDS PURSUANT TO AN AUDIT OF PAYROLL RECORDS)**

Plaintiffs, pursuant to Federal Rule of Civil Procedure 8(a), hereby allege the following:

## PARTIES

1. Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund"). The Central Pension Fund is an employee pension benefit plan as that term is defined in Section 3(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(2). The Central Pension Fund is a multiemployer plan as that term is defined in Section 2(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. Plaintiff, Board of Trustees of the International Union of Operating Engineers and Pipe Line Employers Health and Welfare Fund ("Health and Welfare Fund") is an employee welfare benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3). The Health and Welfare Fund is a multiemployer plan as that term is defined in Section 2(37) of ERISA, 29 U.S.C. § 1002(37). The Health and Welfare Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Health and Welfare Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036. The individual members of the Board of Trustees are designated fiduciaries in accordance with the Health and Welfare Fund's Restated

Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

3. Defendant, Barcelona Equipment, Inc. is a Florida corporation and has a place of business at 12850 – 34th Street, in Clearwater, Florida, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

## JURISDICTION AND VENUE

4. This is an action to collect contributions and other amounts due to employee benefit plans under the terms of collectively bargained agreements. This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. § § 1132(a)(3), (g) and 1145.

5. This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

6. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

7. Defendant has been signatory to and bound at all relevant times to the Operating Engineers Equipment Rental Agreement Between International Union of Operating Engineers Locals 925, 925A, 925B, and 925C, AFL-CIO and Union Contractors and Subcontractors Association, Inc. and the Labor Agreement between the International Union of Operating Engineers Local 673 and Barcelona Equipment Company that govern

the wages, benefits and terms and conditions of employment of certain individuals performing work covered by the Agreements.

8.  Pursuant to the Agreements, Defendant agreed to pay to the Plaintiffs certain sums of money, called contributions, on behalf of employees of the Defendant performing work covered by the Agreements.

9.  Between the period of January 2011 through December 2013, Defendant has employed employees performing work under the Agreements.

10. Defendant failed to pay to the Plaintiffs the proper amount of contributions owed under the Agreements and associated with employer code numbers 215195, 215822 and 30751.

11. Pursuant to the Restated Agreements and Declarations of Trust, an employer who fails to pay the required contributions is liable for liquidated damages.

12. Pursuant to the Restated Agreements and Declarations of Trust, an employer who fails to pay the required contributions is liable for interest.

13. Pursuant to the Restated Agreements and Declarations of Trust, an employer who fails to pay the required contributions is liable for all costs, audit expenses and reasonable attorneys' fees.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUNDS)

14. Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in this Count I.

15. A payroll compliance review was performed on the books and records of the Defendant in May 2015 by Calibre CPA Group, PLLC for the period of January 2011

through December 2013. The results of the audit of employer code numbers 215195 and 215822, revealed that the Defendant owed contributions to the Central Pension Fund in the amount of $232,702.81, and upon further investigation of employer code number 30751, revealed that the Defendant owes contributions to the Health and Welfare Fund in the amount of $230,675.88.

16. By check number 12204, dated January 4, 2016, in the amount of $3,817.84, the Defendant made a partial payment to the Central Pension Fund for the amount owed pursuant to the Calibre CPA Group, PLLC payroll compliance review.

17. By virtue of the failure to pay contributions as contractually required, the Defendant is in contravention of the Agreements, the obligations under the Plaintiffs' Restated Agreements and Declarations of Trust, and Sections 502 and 515 of ERISA.

18. Defendant has failed to pay liquidated damages on the unpaid contributions owed to the Plaintiffs.

19. The Defendant has failed to pay interest owed on the unpaid contributions owed to the Plaintiffs.

20. The Defendant is obligated to pay the Plaintiffs' costs, audit and reasonable attorneys' fees.

**WHEREFORE,** Plaintiffs pray judgment against the Defendant as follows:

A. For unpaid contributions due and owing to the Plaintiffs for the period of January 2011 to December 2013 in the amount of $463,378.69.

B. For liquidated damages and interest as provided for in the Agreements and the Restated Agreements and Declarations of Trust and pursuant to 29 U.S.C. § 1132(g)(2) through the date of judgment.

C.  Costs, audit and reasonable attorneys' fees as required by the Agreements and 29 U.S.C. § 1132(g)(2) and the Restated Agreements and Declarations of Trust through the date of judgment.

D.  Such further relief as the Court deems appropriate.

Respectfully submitted,

By: _____
R. Richard Hopp (Bar No. 432221)

Dated: May 4, 2016

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 327-1200

*Attorney for the Plaintiffs*