**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MICHAEL R. FANNING, *et al.*, | : | |
| Plaintiffs, | : | Case No. 1:16-cv-0841-CKK |
| v. | : | |
| BARCELONA EQUIPMENT, INC., | : | |
| Defendant. | : | |

**CONFIDENTIALITY STIPULATION AND STIPULATED PROTECTIVE ORDER**

This Confidentiality Stipulation and Stipulated Protective Order ("Order") is made and entered into on behalf of the parties by their attorneys to govern the use by the parties of any and all documents produced in Discovery and designated "confidential."

WHEREAS, Discovery in this litigation will involve the production of confidential, proprietary, or private information concerning third parties for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or attempting to settle this litigation is warranted;

WHEREAS, the parties acknowledge that this Order does not confer blanket protections on all disclosures of Discovery and that the protection it affords from public disclosure and use of Discovery extends only to the limited information or items that are entitled to confidential treatment under this Order and the applicable legal principles;

WHEREAS, Discovery is likely to involve financial, proprietary, and sensitive confidential information, including information related to internal union proceedings, union and employer relations and finances, and governmental investigations; and

WHEREAS, an agreed-upon process for handling confidential information will expedite



(N)

Discovery, protect against the inadvertent disclosure of confidential information, and facilitate the prompt resolution of disputes over confidentiality;

NOW, THEREFORE, Plaintiffs and Defendant hereby stipulate and agree, for the above-stated reasons, as follows:

1. This Order constitutes the entire agreement between the Plaintiffs and the Defendant with respect to the matters discussed herein. It replaces any and all prior agreements. There are no other confidentiality agreements in force between the parties, whether express or implied, oral or written.

2. The scope of this Order shall include all information from or concerning third parties, whether in original, photocopy, or electronic form, produced in Discovery that the party or third party producing that information has designated confidential by affixing the legend "CONFIDENTIAL" to the document containing that information ("Confidential Document"). The parties agree that, as used in this Order, Confidential Documents do not include the Defendant's own documents that may be produced to the Defendant.

3. A party may challenge a producing party's designation of a Confidential Document at any time by serving a written objection upon the producing party specifically identifying the portion of the designated Confidential Document being objected to, a new proposed designation of said identified portion, a new proposed designation of said identified portion, and the complete basis and justification for such objection. The producing party shall notify the challenging party in writing of the bases for the asserted designation within twenty (20) business days after receiving any written objection. The producing party and the challenging party shall confer in good faith as to the validity of the designation within ten (10) business days after the challenging party has received the notice of the bases for the asserted designation. To

the extent the producing party and challenging party are unable to reach an agreement as to the designation, the challenging party may make an appropriate application to the Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Order or downgraded in terms of the degree of protection provided.

4. The term "Discovery" as used in this Order shall mean any response to written discovery requests, including subpoenas, or testimony elicited via deposition in this litigation.

5. The parties and third parties agree to produce Documents through Discovery solely for the purposes of prosecuting, defending, or attempting to settle to a final resolution the allegations in Civil Action 1:16-cv-0841-CKK pending in the United States District Court for the District of Columbia, including any appeal. The parties agrees to review, examine, inspect and obtain Documents only for the purposes for which they were produced.

6. Any Confidential Documents produced through Discovery may only be disclosed to the parties or their employees directly involved in this litigation, the parties' counsel, experts, consultants, and potential witness, if that person agrees to be bound by the terms of this Stipulation, or by prior written consent of the party that produced the Confidential Documents in question.

7. If a party desires to file any Confidential Document(s) in this litigation, it will file such Confidential Document(s) under seal consistent with applicable local rules or the rules of the Court.

8. At the termination of the case, by judgment or otherwise, including any appeals, any parties given access to the Confidential Documents under the terms of this Order, shall promptly and, in all events, within 60 days of termination, destroy all Confidential Documents in

their possession, custody, or control, and shall certify to the designating party that all Confidential Documents have been destroyed.

9. The District Court for the District of Columbia shall have jurisdiction over all disputes concerning compliance with this Order. Any violation of this Order may be remedied by any and all appropriate sanctions, including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: October 17, 2016

By: ______________________

R. Richard Hopp (D.C. Bar 432221)
O'DONOGHUE & O'DONOGHUE LLP
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 237-1200

*Attorney for Plaintiffs*

Dated: ~~October~~ November 8, 2016

By: ______________________

Peter W. Zinober (D.C. Bar 172650)
Greenberg Traurig, P.A.
101 East Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

*Attorney for Defendant*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: ~~October~~ November 9, 2016

______________________

Colleen Kollar-Kotelly
UNITED STATES DISTRICT JUDGE